## VOLKELL v. WOLF.

(Supreme Court, Appellate Term, First Department. March 4, 1915.)

PHYSICIANS AND SURGEONS (§ 15*)—NEGLIGENCE—ACTS CONSTITUTING.

> A surgeon in a public dispensary, who cut through a bandage in which a child's broken arm was wrapped, could not assume that the hand was in a safe position and rely thereon, when the fact could readily be ascertained before cutting, and he was guilty of actionable negligence in failing to ascertain that fact, and·so cutting as to injure the hand.
>
> [Ed. Note.—For other cases, see Physicians and Surgeons, Cent. Dig. § 32; Dec. Dig. § 15.*]

Appeal from City Court of New York, Trial Term.

Action by Nathan Volkell, an infant, by Solomon Volkell, his guardian ad litem, against Heinrich Wolf. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

James Taylor Lewis, of New York City, for appellant.
Edward P. Sobel, of New York City, for respondent.

SHEARN, J. The defendant, a surgeon, operating in a dispensary, inflicted an injury upon this infant plaintiff while cutting through a bandage in which the child's broken arm was wrapped. Defendant claims that, if the bandage had been adjusted properly and in the usual fashion, the patient's hand would have been fastened tightly to the body and in no danger of being cut. He admits that before cutting .he made·no examination to ascertain where the hand was, or what was concealed under the point where he applied the shears, claiming that "he had a right to assume that it (the bandage) was properly put on"; also that "I think the whole hand was exposed, but I did not see it; I had the impression that the bandage was outside of the upper part;" also that it was merely good fortune that the infant's hand was not cut off.

The hurry of work in a public dispensary does not excuse the lack of ordinary care. Defendant could not assume that the hand was in a safe position, and rely on that, when the fact could be readily ascertained by himself before applying the shears. The finding of negligence was warranted by the evidence. The alleged prejudicial remarks of plaintiff's counsel do not appear in the record, and the verdict is not excessive.

Judgment affirmed, with costs. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes